UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-23231-CIV-WILLIAMS/MCALILEY

JESSENIA RINCON,

    Plaintiff,

vs.

DEPARTMENT OF FINANCIAL SERVICES,
*et al.*

    Defendants.
_____/

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
AND REPORT AND RECOMMENDATION OF DISMISSAL
<u>WITH LEAVE TO AMEND</u>**

Plaintiff, Jessenia Rincon, proceeding *pro se*, has filed an amended Application to Proceed *in Forma Pauperis*, which the Honorable Kathleen M. Williams referred to me for resolution. (ECF Nos. 6, 9). I reviewed Plaintiff's amended Application and find that she meets the financial requirements to proceed *in forma pauperis*. I therefore **GRANT** the amended Application, (ECF No. 9), pursuant to 28 U.S.C. § 1915(a). Upon my review of the Amended Complaint, however, I **RECOMMEND** that the Court dismiss this action.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against 11 federal and state agencies and/or officials. (ECF No. 7). Plaintiff alleges that she is "being harassed inside [her] home by the police with a surveillance device & at employers [sic]" and is "being verbally abused." (*Id*. at 4). Other than providing four (4) addresses where the alleged

harassment presumably occurred, the Amended Complaint contains no other factual allegations. (*Id*.).

Section 1915(e) provides, among other things, that a court must dismiss an *in forma pauperis* action at any time if it fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In order to state claim for relief, the plaintiff must plead facts that make out a claim that is plausible on its face and raises the right to relief beyond a speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To state a § 1983 claim, a plaintiff must allege sufficient facts that, if taken as true, establish the following elements: "(1) an act or omission deprived [the plaintiff] of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law." *Hinson v. Jackson*, No. 1:16-CV-3671, 2017 WL5476794, at *1 (N.D. Ga. March 3, 2017) (citing *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1581 (11th Cir. 1995)).  Plaintiff sets forth no facts that establish these elements. Fundamentally, she fails to identify the acts or omissions on which her claim is based, relying instead upon vague references to a "surveillance device" and "verbal abuse", and does not identify which of the many Defendants committed which acts or omissions. Nor does she identify when the alleged misconduct occurred and under what circumstances. "If a litigant … fails to provide factual allegations in support of [her

§ 1983] claim or claims, then the complaint is subject to dismissal." *Hinson*, 2017 WL 5476794 at *1 (citing *Chappel v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003)).

For the foregoing reasons, the Complaint fails to allege a plausible claim that Defendants deprived Plaintiff of a constitutional right, as is necessary to state a cause of action under § 1983. Although this is Plaintiff's second attempt to state a § 1983 claim, given that Plaintiff is proceeding *pro se*, I **RESPECTFULLY RECOMMEND** that the Amended Complaint, (ECF No. 7), be dismissed without prejudice with leave to amend.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 28th day of February, 2022.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
    Jessenia Rincon, *pro se*